# EXHIBIT 2



## HM&B
### HAMILTON, MILLER & BIRTHISEL LLP
*Attorneys At Law*

WWW.HAMILTONMILLERLAW.COM

100 South Ashley Drive, Suite 1210, Tampa, Florida 33602
813-223-1900 • Fax 813-223-1933

**REPLY TO: TAMPA OFFICE**

May 26, 2020

**VIA EMAIL ONLY**
Michelle Otero Valdes, Esquire
Chalos & Co, P.C.
2030 Douglas Road, Suite 117
Coral Gables, FL 33134
mov@chaloslaw.com

RE:   Vessel:         *M/Y WHERE'S EILEEN*
      Insured:        Where's Eileen, LLC
      Incident:       Lightning Strike
      DOI:            September 9, 2019
      Policy No.:     Y09879407
      Policy Period:  6/10/2019 - 6/10/2020
      Claim No.:      KY19K2644433
      Our Matter:     61627

Dear Ms. Valdes:

We are in receipt of your May 6 and May 20, 2020 correspondence. As previously addressed, Ace American Insurance Company ("Ace") has accepted and acknowledged coverage relating to the lightning strike onboard your client's vessel, *M/Y WHERE'S EILEEN* (the "Vessel"), on or about September 9, 2019 (the "Incident"). However, your client has prevented Ace from repairing the Vessel and fully determining the quantum of damage by refusing access to various vendors. Further, your client's unreasonable demands and lack of cooperation have caused Fairlead to require the Vessel be removed from its facility. As we previously stated, Ace will neither pay for the Vessel's relocation, nor any charges in connection with the failure to remove the Vessel from Fairlead. Notably, Ace also never received a satisfactory sworn proof of loss or vessel inventory from your client despite numerous requests.

Notwithstanding the foregoing, Ace is tendering payment to your client for the damage it has been able to determine may be attributable to the Incident, in the amount of $1,660,458.26, less your client's $67,500.00 deductible and payments already made in the amount of $188,780.04. Accordingly, your client will be receiving a check in the amount of $1,404,178.22 to resolve its claims relating to this Incident. Also, on May 8, 2020, Ace tendered payment to your client in the amount of $9,156.25 for reimbursement of the initial tow after the Incident by Cape Henry Launch Service, Inc. (Invoice No. 10934).

MIAMI • TAMPA • FORT LAUDERDALE • JACKSONVILLE • ORLANDO • NEW YORK • NORFOLK
THE BAHAMAS • JAMAICA • PUERTO RICO • U.S. VIRGIN ISLANDS

Ace will consider and review any further damages and/or documentation submitted by your client relating to the Incident. However, Ace does not anticipate paying *any* additional sums on this claim, as it has already intentionally *over*estimated many of the repairs and provided payment for systems that may in fact be operational. Nothing in this letter shall be construed as a waiver of any policy requirements or a promise to pay any future amounts whatsoever. Further, Ace renews its demand to be invited to any further inspections and/or repairs should your client intend on requesting additional payments from Ace for those repairs.

Lastly, Ace is not obligated to entertain your hypothetical coverage questions at this time. This correspondence is issued without prejudice to any of our client's rights or defenses.

Very truly yours,

Brandon Bushway

**Law Offices of Michelle Otero Valdes**
2030 S. Douglas Road, Suite 117
Coral Gables, Florida 33134

Telephone: (305) 377-3700                                            Facsimile: (786) 580-4671

November 7, 2023

**VIA EMAIL--jmassee@hamiltonmillerlaw.com**

Jules V. Massee, Esq.
Hamilton Miller & Birthisel LLP
100 Ashley Drive, Suite 1210
Tampa, Florida 33602

| | |
|---|---|
| Incidents: | M/Y WHERE'S EILEEN Lightning Strike September 9, 2019 and Flooding Claim June 29, 2019 |
| Claim No.: | KY19K2644433 and KY19K267951 |
| Your Ref: | 61627 |
| Our Ref: | 6080.001 |

Dear Mr. Massee:

We refer to your letter dated October 19, 2023. We will simply have to "agree to disagree" on the history of this claim.

Turning to the flooding case, as has been reported to you and your client numerous times, the Vessel's warranty with Ocean Alexander ("OA") was voided after the lightning strike. Our office has been contacted by Matthew Roethke directly to obtain our client's payment instructions and this has been provided to Mr. Roethke, as requested.

Addressing your suggestion that our client has withheld relevant information from your client, I suggest you go back and read the letters and emails sent to your office between August 8, 2020—when your office responded to our query on your client unilaterally paying the lightning strike claim for $1.66 million (gross) without having all the components removed to establish whether that figure would fully compensate our client—and August 8, 2023, exactly than 3 years later, when we sent your office our client's supplemental claim. During this period, despite our client keeping your office fully apprised of the status of the Vessel's repairs and her movements, not once did we receive even a courtesy acknowledgement of our letters. This speaks volumes. Certainly, if your client needed information, all it had to do was ask—instead you or your client ignored our client for 3 years!

Concerning the insured's work in attempting to secure insurance, we suggest you talk to Laura Sherrod, whom you know well. She and her former colleague, John Gaffney, worked feverishly to try and obtain coverage and not one insurer would touch this Vessel.

Jules V. Massee, Esq.<br>
Hamilton Miller & Birthisel LLP<br>
Page 2

Regarding the Examinations Under Oath your client claims it needs after more than 4 years, you still have not arranged for the EUOs of Mr. and Ms. Fischer, nor Captain Valentino. We first offered what you wanted at the time "the person with the most knowledge of the subject incident and the alleged damage caused by the referenced lightning strike", back on April 20, 2020. We identified that individual and suggested you set the EUO without further delay. You never set up that EUO, as clearly, your client unilaterally chose to pay our client what it felt like paying and then doubled down and said when we further documented our client's claim that it would not consider paying anything further. So we respectfully suggest that you set these 3 EUOs without further delay or we can only presume that the other EUOs you claim you need are just more excuses for your previously failed actions. As for the owner of PATRIOT, your client will know better than ours who that is, given that your client insures PATRIOT on the back of the work undertaken by our client maintaining the Vessel and then in having the Vessel repaired when your client abandoned our client to figure things out for himself.

Please let us know when you want to schedule the EUOs already offered up, as our schedule is quickly filling up with other attorneys that would like to actually resolve matters before the end of the year. We are working with our client to obtain the large volume of documents you have requested and will send those on to you, once received.

Please note that David Femulari, Of Counsel to our firm, will be assisting us in this case going forward. Therefore, please copy him to all correspondence.

We continue to reserve all rights and remedies on behalf of our client.

Very truly yours,<br><br>
Law Office of Michelle Otero Valdés<br><br>
/s/ Michelle Otero Valdés<br><br>
Michelle Otero Valdés, B.C.S.

MOV/mcv  
Cc: David Famulari, B.C.S. (via email)