UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60161-CIV-DIMITROULEAS/HUNT

WHERE'S EILEEN, LLC; MARK J.
FISCHER and EILEEN FISCHER,

        Plaintiffs,

v.

ACE AMERICAN INSURANCE
COMPANY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Stay and Compel Arbitration. ECF No. 11. The Honorable William P. Dimitrouleas, United States District Judge, referred this Motion to the undersigned for disposition. ECF No. 12; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned held a hearing on May 30, 2024. Having also carefully reviewed the Motion, the Response, and Reply thereto, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS Defendant's Motion be GRANTED for the reasons outlined below.

### I. Background

Plaintiffs Where's Eileen, LLC, and Mark J. Fischer and Eileen Fischer, brought a civil action for breach of contract under a marine insurance policy issued by Defendant ACE American Insurance Company. ECF No. 1. In 2019, *Where's Eileen*, a motor yacht owned by Plaintiffs, suffered two losses—a lightning strike and a partial flooding—which

Plaintiffs claimed caused $13.5 million in damages.  ECF Nos. 11, 17.  Plaintiffs notified Defendant of the losses in April 2020, and in response, Defendant issued partial payment of $1,404,179.22 in May 2020.  ECF No. 17.  In a letter accompanying this payment, Defendant accepted and acknowledged coverage but noted it had been prevented from "fully determining the quantum of damage."  ECF No. 17, ex. 2.  Additionally, Defendant would "consider and review any further damages and/or documentation submitted by [Plaintiffs] relating to the Incident," but did "not anticipate paying *any* additional sums on this claim."  *Id.* (emphasis in original).  Plaintiffs submitted an additional claim in April 2023.  Plaintiffs notified Defendant of their intent to litigate in December 2023 to address Defendant's alleged failure to advance its investigation or address Plaintiffs' flooding claim.  ECF No. 1, ex. 3, pg. 2.

> The insurance policy at issue contains an alternative dispute resolution clause:
>
> Any dispute, controversy, proceeding or claim, whether in contract, tort, common, or statutory law, arising out of or relating to:
> - any claim made under this Policy for loss or damage; or
> - the breach, termination, enforcement, interpretation, or validity of this Policy, **including the determination of the scope or applicability of this Dispute resolution provision**; or
> - the relationship between you and us,
>
> may be resolved by arbitration as provided below.

ECF No. 1, ex. 1, pg. 70 (emphasis added). This clause contains the following pertinent limitation:

> - a demand for arbitration must be served on the other party or parties within one (1) year of the date we issue our final coverage determination;

ECF No. 1, ex. 1, pg. 71 (emphasis added).

2

Defendant now asks this Court to compel arbitration under this provision in the policy.  ECF No. 11.  Although Defendant made a payment to Plaintiffs following the notices of loss, Defendant cites the letter accompanying the payment to contend it was merely a partial payment not a final coverage determination that would start the clock on the arbitration clause's one-year time limit.  *Id.*  Defendant further maintains that any question regarding whether the partial payment was an interim payment or a final coverage determination should be answered by the arbitrator and not this Court.

Plaintiffs do not dispute the existence of an arbitration clause but contend the present issue is not arbitrable, believing this Court, not an arbitrator, should decide that Defendant's payment was a final coverage determination.  Based on this belief, Plaintiffs argue Defendant waived the right to move to compel arbitration by not making the demand within a year of the payment.

## II.     Legal Standard

The primary purpose of the Federal Arbitration Act (FAA) is to "[ensure] that private agreements to arbitrate are enforced according to their terms."  *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989); *see also Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 53–54 (1995).  Section 2 of the FAA establishes that an insurance policy of the kind in this action or that represents "any maritime transaction" and includes a provision "to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.

Both parties agree the FAA memorializes a "liberal federal policy favoring arbitration agreements."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  When deciding whether to compel arbitration under the FAA, the district

court follows a two-step inquiry: first, "whether the parties agreed to arbitrate the dispute," and, second, if so, "whether 'legal constraints external to the parties' agreement foreclosed arbitration.'" *Graulau v. Credit One Bank*, N.A., 855 Fed. Appx. 540, 541 (11th Cir. 2021) (quoting *Klay v. PacifiCare Health Sys., Inc.*, 389 F.3d 1191, 1200 (11th Cir. 2004)).

### III.   Agreement to Arbitrate

Due to an "emphatic federal policy in favor of arbitral dispute resolution," "any doubts concerning the scope of arbitrable issues" should be construed by the Court "in favor of arbitration." *Jimenez v. ViaCord, LLC*, No. 21-61805-CIV-SINGHAL, 2022 WL 4271337, at *1 (S.D. Fla. Sept. 15, 2022) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).  But because "arbitration is a matter of contract," a "party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Allco Fin. Ltd., Inc. v. Trina Solar (U.S.) Inc.*, No. 23-81111-CIV-ROSENBERG, 2023 WL 8664865, at *1 (S.D. Fla. Nov. 2, 2023), *appeal dismissed*, 2024 WL 122503 (11th Cir. Jan. 11, 2024) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).  Arbitration should not be compelled to cover situations where the parties "are not likely to have thought that they had agreed that an arbitrator would" decide the issue. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).

"'"[P]rocedural" questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam*, 537 U.S. at 84 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). "So, too, the presumption is that the arbitrator should decide 'allegation[s] of waiver,

4

delay, or a like defense to arbitrability.'" *Howsam*, 537 U.S. at 84 (quoting *Moses H. Cone Memorial Hospital*, 460 U.S. 1, 24–25 (1983)).

Where there are no agreements to the contrary, the court decides substantive issues of arbitrability, and issues of procedural arbitrability, "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Howsam*, 537 U.S. at 84–85 (quoting Revised Uniform Arbitration Act § 6, comment 2).

## IV. Discussion

Plaintiffs' central objection to the enforcement of arbitration—that Defendant has made a final coverage determination and ostensibly waived arbitration—itself indicates the need for arbitration. And despite Plaintiffs' contentions to the contrary, it is the arbitrator, not this Court, that is better suited to deciding both questions of arbitrability and disputes arising from and related to the insurance coverage.

The arbitration provision makes clear that the parties did contemplate an arbitrator settling issues of this kind. The agreement broadly covers "the scope or applicability of this Dispute resolution provision," including this dispute of whether Defendant has made a final coverage determination. The question of whether an issue is arbitrable is essentially a question of scope and commits "to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable." *Allco*, 2023 WL 8664865, at *3 (quoting *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015)).

It is also a procedural question because it contemplates a prerequisite of whether Defendant has exceeded the time limit on the enforceability of the arbitration provision. The policy at issue contains no agreement to the contrary that would prevent such a

5

decision from proceeding to—and being better decided within—arbitration. If the question of whether Defendant has already made a final coverage determination is better determined by an arbitrator, then so too is its natural successor: whether Defendant has waived the right to enforce arbitration. Allegations of waiver presumptively belong within the purview of the arbitrator. *See Howsam*, 537 U.S. at 84.

Furthermore, there is no legal constraint on the parties' agreement to arbitration. Neither party has suggested any such restraint, nor does the governing Florida state law prevent arbitration under the FAA. Florida law provides it is the court that "shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." § 682.02, Fla. Stat. (2024). Under the federal courts' longstanding preference for resolving doubts concerning the scope of arbitration in favor of arbitration, this dispute should be put to an arbitrator for determination.

### V.     Compelling Non-Signatories to Arbitration

Plaintiffs allege Mr. and Mrs. Fischer cannot be compelled to arbitration as only Where's Eileen, LLC, was listed as insured on the policy. Plaintiffs rely on Florida law cases that feature narrowly drawn arbitration clauses or where the non-signatories fall outside exceptions that would allow them to compel arbitration. *Perdido Key Island Resort Dev., L.L.P. v. Regions Bank*, 102 So. 3d 1, 5 (Fla. 1st DCA 2012) (finding the arbitration provision was narrowly tailored to only include specific parties); *Rolls-Royce PLC v. Royal Caribbean Cruises LTD.*, 960 So. 2d 768, 771 (Fla. 3d DCA 2007) (rejecting a non-signatory's motion to compel arbitration in part because the claim did not arise out of or relate to the agreement).

The policy at issue, however, contains a broad arbitration provision covering any dispute or claim relating to the policy. Under Florida law, "a non-signatory can compel arbitration"—and be compelled to arbitration—"if it is determined that the party is a third-party beneficiary to the contract." *Calcaterra v. Baptist Health S. Florida, Inc.*, No. 23-20364-CIV-MOORE, 2024 WL 2109349, at *3 (S.D. Fla. May 9, 2024) (quoting *Florida Power & Light Co. v. Road Rock, Inc.*, 920 So. 2d 201, 203 (Fla. 4th DCA 2006)). A non-signatory may specifically be bound to arbitration when the non-signatory's "claims would not exist but for the contract." *Greene v. Peloton Interactive Inc.*, 566 F. Supp. 3d 1299, 1303 (N.D. Fla. 2021) (citing *Teel v. Aaron's, Inc.*, No. 3:14-CV-640-J-32PDB, 2015 WL 1346846, at *7 (M.D. Fla. Mar. 24, 2015)). Such is the case here. The Fischers are the only members of Where's Eileen, LLC, and have described themselves as third-party beneficiaries of the policy issued by Defendant. ECF No. 1, ex. 1, pg. 22. The Fischers' claims are, by nature, inextricable from the claims of Where's Eileen, LLC, and their exercise of the right to pursue a claim for breach of contract simultaneously indicates that they too should be compelled to attend arbitration. ECF No. 1, ex. 1, pg. 22.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion, ECF No. 13, be GRANTED. The parties should be compelled to attend arbitration and this Case should be stayed pending the outcome of arbitration.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely

7

object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 27th day of August 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record