UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:24-cv-60161-WPD

WHERE'S EILEEN, LLC; MARK J.
FISCHER; and EILEEN FISCHER;

    Plaintiffs,

v.

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

### ACE'S CONDITIONAL OBJECTION TO REPORT AND RECOMMENDATION ON MOTION TO COMPEL ARBITRATION

Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE"), hereby files this Conditional Objection to the Report and Recommendation issued by Magistrate Judge Hunt with regards to ACE's Motion to Compel Arbitration, [ECF No. 24], and states as follows:

1. ACE plainly does not object to Judge Hunt's well-reasoned Report and Recommendation ("R&R"), which recommended that this matter be compelled to arbitration based on the terms of the Policy.

2. The R&R found that the Plaintiffs' "central objection to the enforcement of arbitration," was that the issue was waived by ACE allegedly failing to timely request it. However, the R&R also found that this issue of waiver *itself* was one for arbitration. Accordingly, the R&R did not reach the alternate issue of whether ACE actually *did* waive the right to arbitrate.

3. That decision was correct as far as it goes. Either theory—that waiver is an issue for the arbitrator or that the right to arbitrate was not waived—would have resulted in the exact same relief (i.e., that the matter would be sent to arbitration).

4. In general, a party who fails to object to a magistrate judge's report and recommendation "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *Thomas v. Arn*, 474 U.S. 140 (1985).

5. That rule is easy to apply when the R&R addresses all theories raised in the briefing. However, it is less clear as to how a prevailing party is meant to address alternate theories that go unaddressed in a report and recommendation. It appears that most circuits to have considered the issue have concluded that a prevailing party need not lodge an objection to preserve an alternate ground that supports a magistrate judge's recommended disposition. *United States v. Street*, 917 F.3d 586, 598-599 (7th Cir. 2019); *Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011); *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Cooper v. Taylor*, 103 F.3d 366, 373 (4th Cir. 1996) (en banc). The logic follows that of appeals, wherein an appellee can, without cross-appealing, argue any basis for affirmance irrespective of whether that basis was relied upon by the district court. *See Street*, 917 F.3d at 598-99; *accord Henley v. Payne*, 945 F.3d 1320, 1333 (11th Cir. 2019) ("[T]his Court may affirm on any basis in the record, regardless of whether the District Court actually relied upon that basis in dismissing the plaintiff's claim."); *see also Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1245 (11th Cir. 2023) ("Ordinarily, the prevailing party does not have standing to appeal because it is assumed that the judgment has caused that party no injury."). That would seem to apply with particular force here, where the issue of waiver is a *defense* to arbitration, rather than one whose absence must be affirmatively shown by ACE. However, the Eleventh Circuit does not appear to have spoken on this issue in the specific context of objecting to a report and recommendation.

6. Accordingly, in an abundance of caution, ACE makes this conditional objection, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), to preserve the alternate grounds

for relief raised in the briefing on their Motion to Compel Arbitration, namely, that the Plaintiffs would also lose on the merits of their waiver argument. *See* [ECF No. 11, pp. 4-5; ECF No. 20, pp. 3-6].

7. If the Court adopts the R&R, the matter will be sent to arbitration, to return only if the arbitrator finds a waiver or if an award needs to be confirmed. The Court would not need to address the alternate grounds for relief raised in ACE's briefing. But if the Plaintiffs object to the R&R, or if the Court does not adopt the R&R, ACE seeks to preserve the issue of waiver on the merits and asks the Court to either consider that ground as an alternate basis for relief or refer the matter back to Judge Hunt for a supplemental report and recommendation.

8. This objection is therefore conditioned on the Plaintiffs objecting to the R&R or the Court rejecting the R&R as it pertains to the waiver issue.

WHEREFORE, ACE respectfully requests that the Court:

a) Adopt the R&R; or

b) Alternatively, consider this conditional objection, find on the merits that ACE did not waive the right to compel arbitration, and compel arbitration under the Policy for that reason.

Dated: September 3, 2024.

                                                  Respectfully submitted,

                                                  **DAVANT LAW, P.A.**
                                                  *Attorneys for ACE*
                                                  12 Southeast 7th Street, Suite 601
                                                  Fort Lauderdale, FL 33301
                                                  Telephone: (954) 414-0400

                                      By:  */s/ Aaron M. Dmiszewicki*
                                                  Charles S. Davant
                                                  Florida Bar No. 15178
                                                  csd@davantlaw.com
                                                  Aaron M. Dmiszewicki
                                                  Florida Bar No. 111455
                                                  amd@davantlaw.com